In re LIVE CONCERT ANTITRUST LITIGATION

Margaret A. Thompson v. Clear Channel Communications, Inc., et al., C.D. California, C.A. No. 2:05–6704

Priscilla Diaz v. Clear Channel Communications, Inc., et al., S.D. Florida, C.A. No. 1:05–22413

Manish Bhatia v. Clear Channel Communications, Inc., et al., N.D. Illinois, C.A. No. 1:05–5612

Mark Cooperberg v. Clear Channel Communications, Inc., et al., E.D. Pennsylvania, C.A. No. 2:05–4492

No. 1745.

Judicial Panel on Multidistrict Litigation.

April 17, 2006.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

JOHN F. KEENAN, Acting Chairman.

This litigation currently consists of four actions pending in four districts as follows: one action each in the Central District of California, the Southern District of Florida, the Northern District of Illinois, and the Eastern District of Pennsylvania.[1]

---

* Judge Hodges took no part in the disposition of this matter.

1. As originally filed, the Section 1407 motion also included a Southern District of New York action, *Malinda Heerwagen v. Clear Channel Communications, Inc., et al.,* C.A. No. 7:02–4503. This action was voluntarily dismissed on January 17, 2006, however, and, accordingly, the question of Section 1407 transfer with respect to this action is moot. Subsequent to the filing of the Section 1407 motion parties have also identified an additional action, recently filed in the District of New Jersey, as a related action. In light of the

Two common defendants, Clear Channel Communications, Inc., and its parent, Clear Channel Broadcasting, Inc. (collectively, Clear Channel), move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of New York or, alternatively, the Central District of California. All responding plaintiffs now agree with Clear Channel upon centralization, but they disagree regarding selection of the transferee district. Plaintiffs support centralization in the Southern District of Florida or, alternatively, the District of Colorado.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the actions now before the Panel is brought under the Sherman Act to recover for violations arising in the context of an alleged conspiracy by Clear Channel to prevent competition for concert promotion services. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Central District of California is an appropriate forum for this docket. This district i) is likely to provide a substantial number of witnesses and documents (because the Clear Channel concert business whose conduct is at issue in the actions is now headquartered there as an independent company), and ii) is well equipped with the resources that this complex antitrust docket, encompassing multiple regions of the country, is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the three actions in this litigation pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Stephen V. Wilson for coordinated or consolidated pretrial proceedings with the action pending in that district.

Panel's disposition of this docket, this action will be treated as a potential tag-along action.

*See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).